E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorney
Environmental Crimes & Consumer Protection Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1019
     Facsimile: (213) 894-0141
     Email:     laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-184-RGK |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRIAN MICHAEL GAHERTY |
| v. | |
| BRIAN MICHAEL GAHERTY, | |
| Defendant. | |

1.   This constitutes the plea agreement between BRIAN MICHAEL GAHERTY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the indictment in United States v. Brian Michael Gaherty, CR No. 23-184-

RGK, which charges defendant with threatening a United States official, in violation of 18 U.S.C. § 115(a)(1)(B).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Participate in mental health treatment as directed and approved by the United States Probation and Pretrial Services Office.

h.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

2

1  Sentencing Guidelines range, the propriety and extent of any
2  departure from that range, and the sentence to be imposed.

3       d.   At the time of sentencing, provided that defendant
4  demonstrates an acceptance of responsibility for the offense up to
5  and including the time of sentencing, recommend a two-level reduction
6  in the applicable Sentencing Guidelines offense level, pursuant to
7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
8  additional one-level reduction if available under that section.

9       e.   With respect to count five, recommend that defendant
10 be sentenced to a term of imprisonment no higher than the low end of
11 the applicable Sentencing Guidelines range, provided that the offense
12 level used by the Court to determine that range is 17 or higher and
13 provided that the Court does not depart downward in offense level or
14 criminal history category.  For purposes of this agreement, the low
15 end of the Sentencing Guidelines range is that defined by the
16 Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to
17 reductions in the term of imprisonment that may be permissible
18 through the substitution of community confinement or home detention
19 as a result of the offense level falling within Zone B or Zone C of
20 the Sentencing Table.

21                      NATURE OF THE OFFENSE

22      4.   Defendant understands that for defendant to be guilty of
23 the crime charged in count five, that is, threatening a United States
24 official, in violation of Title 18, United States Code, Section
25 115(a)(1)(B), the following must be true: (a) the defendant
26 threatened to assault or murder a United States official; and (b) the
27 defendant acted with the intent to impede, intimidate, or interfere
28 with such United States official while she was engaged in the

                               3

1  performance of official duties or with the intent to retaliate
2  against such United States official on account of the performance of
3  her official duties.   The term "United States official" includes
4  Members of Congress.   18 U.S.C. § 115(c)(4).

PENALTIES

6      5.   Defendant understands that the statutory maximum sentence
7  that the Court can impose for a violation of Title 18, United States
8  Code, Section 115(a)(1)(B), is: 10 years' imprisonment; a three-year
9  period of supervised release; a fine of $250,000 or twice the gross
10 gain or gross loss resulting from the offense, whichever is greatest;
11 and a mandatory special assessment of $100.

12     6.   Defendant understands that supervised release is a period
13 of time following imprisonment during which defendant will be subject
14 to various restrictions and requirements.   Defendant understands that
15 if defendant violates one or more of the conditions of any supervised
16 release imposed, defendant may be returned to prison for all or part
17 of the term of supervised release authorized by statute for the
18 offense that resulted in the term of supervised release, which could
19 result in defendant serving a total term of imprisonment greater than
20 the statutory maximum stated above.

21     7.   Defendant understands that, by pleading guilty, defendant
22 may be giving up valuable government benefits and valuable civic
23 rights, such as the right to vote, the right to possess a firearm,
24 the right to hold office, and the right to serve on a jury. Defendant
25 understands that he is pleading guilty to felonies and that it is a
26 federal crime for a convicted felon to possess a firearm or
27 ammunition.   Defendant understands that the conviction in this case
28 may also subject defendant to various other collateral consequences,

4

including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United
States citizen, the felony conviction in this case may subject
defendant to: removal, also known as deportation, which may, under
some circumstances, be mandatory; denial of citizenship; and denial
of admission to the United States in the future.  The Court cannot,
and defendant's attorney also may not be able to, advise defendant
fully regarding the immigration consequences of the felony conviction
in this case.  Defendant understands that unexpected immigration
consequences will not serve as grounds to withdraw defendant's guilty
plea.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 11 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

On or about August 8, November 8, and November 10, 2022,
defendant BRIAN MICHAEL GAHERTY ("defendant") threatened to assault
and murder Maxine Waters, a Congresswoman representing the 43rd

5

1  District of California, on four separate occasions.  Defendant made

2  these threats with the intent to impede, intimidate, and interfere

3  with Congresswoman Waters while she was engaged in the performance of

4  her official duties, and with intent to retaliate against

5  Congresswoman Waters on account of the performance of her official

6  duties.  At the time of each of defendant's four threats to assault

7  and murder Congresswoman Waters, defendant was physically located in

8  Houston, Texas, in the Southern District of Texas.

9       Specifically, on August 8, 2022, at approximately 10:55 p.m.

10  PST, defendant used his cellular telephone to call the offices of

11  Congresswoman Waters in Hawthorne, California.  Defendant left the

12  following voicemail for Congresswoman Waters:

13              Hey, you black bitch. You fuck with my people man.
            All that racism shit bitch, you up in age, 80 years
14          old and shit, trying to remember 1960 and all that
            bullshit. And causing controversy bitch.  We got
15          something  for  your  ass  now  bitch,  you  black
            motherfucker.  Yeah, we coming for you bro.   You
16          better.  Hey, like you told them motherfuckers to go
            and do what they had to do.  We coming for your black
17          ass, bitch ass now motherfucker.  You hoe ass bitch.
            I'mma cut your throat, I'mma cut your black ass
18          throat nigga.

19

20       Approximately two minutes later, defendant again used his cellular

21  telephone to call the offices of Congresswoman Waters in Hawthorne,

22  California.  Defendant left the following voicemail for Congresswoman

23  Waters:

24              Maxine, you outa there (unintelligible) ay. What, you
            about 80 years old nigga?  Look, you better go bye
25          bye bitch. Nigga bitch, look, you got the wrong boys
            in the area, you got two days (unintelligible).  We
26          got  a  contract  on  your  bitch  ass,  black  ass,
            motherfucker ass.  You better move man. You better
27          God damn move (unintelligible).  If not, we gonna put
            a   cap   between   your   motherfucking   eyes   hoe
28

1            (unintelligible).   I'm gonna stomp you bitch.   We
2            finna stomp you, bitch.   We finna stomp you bitch.

3        On November 8, 2022, at approximately 9:01 p.m. PST, defendant

4   again used his cellular telephone to call the offices of

5   Congresswoman Waters in Hawthorne, California.   Defendant left the

6   following voicemail for Congresswoman Waters:

7            Hey Maxine. You done fucked up (inaudible). This
8            ain't no threat man. We're just gonna give you a
          present man. We're gonna meet you on the street,
9            bitch and give you a fucking present. Like, like,
          like you told everybody else bitch like, uh, box them
10           up. Be negative. Get in their face. We're finna get
          in your face bitch. You nigger, bitch, we finna get
11           in your face bitch. You know what I'm saying? You
          fucking with a wrong crowd now, nigga. You affiliated
12           now with, Hey well that's a nigga man. We got a
          contract to take your ass out bitch.

13

14       Two days later, at approximately 2:32 p.m. PST, defendant

15  again used his cellular telephone to call the offices of

16  Congresswoman Waters in Hawthorne, California.   Defendant left the

17  following voicemail for Congresswoman Waters:

18           I'm gonna listen to you, Maxine, uh, threatening
          people all across the goddamn country.  Beat 'em up.
19           You know, all this violent shit that you advocate,
          I'm gonna tell you right now, this ain't no threat.
20           It's a goddamn promise.  Gonna watch your fucking
          back bitch. Hey, why can't I say it?  You say it,
21           you black bitch.  You wanna play games?  You telling
          people, man, and beat them up and you chase the
22           motherfuckers down. Good people, man.  Fuck you.  We
          can play goddamn gang too.  Bitch.  You better watch
23           your back hoe.

24       Each of defendant's four above-referenced threats to Congresswoman

25  Waters constitutes a threat to assault and murder Congresswoman Waters.

26  Further, defendant made each of the four above-referenced threats with

27  the intent to impede, intimidate, and interfere with Congresswoman

28  Waters while she was engaged in the performance of her official duties,

and with intent to retaliate against Congresswoman Waters on account of the performance of her official duties.

SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| Specific Offense Characteristic: Offense Involved More Than Two Threats | 2 | U.S.S.G. § 2A6.1(b)(2)(A) |
| Specific Offense Characteristic: Official Victim | 6 | U.S.S.G. § 3A1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's

8

1         g.   The right not to be compelled to testify, and, if

2 defendant chose not to testify or present evidence, to have that

3 choice not be used against defendant.

4         h.   Any and all rights to pursue any affirmative defenses,

5 Fourth Amendment or Fifth Amendment claims, and other pretrial

6 motions that have been filed or could be filed.

7 WAIVER OF APPEAL OF CONVICTION

8    15.  Defendant understands that, with the exception of an appeal

9 based on a claim that defendant's guilty plea is involuntary, by

10 pleading guilty defendant is waiving and giving up any right to

11 appeal defendant's conviction on the offense to which defendant is

12 pleading guilty.  Defendant understands that this waiver includes,

13 but is not limited to, arguments that the statute to which defendant

14 is pleading guilty is unconstitutional, and any and all claims that

15 the statement of facts provided herein is insufficient to support

16 defendant's plea of guilty.

17 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18    16.  Defendant agrees that, provided the Court imposes a total

19 term of imprisonment within or below the Sentencing Guidelines range

20 corresponding to an offense level of 20 and the criminal history

21 category calculated by the Court, defendant gives up the right to

22 appeal all of the following: (a) the procedures and calculations used

23 to determine and impose any portion of the sentence; (b) the term of

24 imprisonment imposed by the Court; (c) the fine imposed by the Court,

25 provided it is within the statutory maximum; (d) to the extent

26 permitted by law, the constitutionality or legality of defendant's

27 sentence, provided it is within the statutory maximum; (e) the term

28 of probation or supervised release imposed by the Court, provided it

10

offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

18.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statute, or statute of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or the official victim enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

    23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

        a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

        b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal

Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

15

1

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2    28.   The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  E. MARTIN ESTRADA
United States Attorney

9

10  *Laura A. Alexander*          12-15-2023
_____    _____
LAURA A. ALEXANDER            Date
11  Assistant United States Attorney

12  *Brian M. Daherty*          *12-14-23*
_____    _____
BRIAN MICHAEL GAHERTY       Date
13  Defendant

14                                  12-14-2023
_____    _____
JOSEPH F. VINAS               Date
15  Attorney for Defendant
BRIAN MICHAEL GAHERTY

16

17

18

## CERTIFICATION OF DEFENDANT

19    I have read this agreement in its entirety.  I have had enough

20  time to review and consider this agreement, and I have carefully and

21  thoroughly discussed every part of it with my attorney.  I understand

22  the terms of this agreement, and I voluntarily agree to those terms.

23  I have discussed the evidence with my attorney, and my attorney has

24  advised me of my rights, of possible pretrial motions that might be

25  filed, of possible defenses that might be asserted either prior to or

26  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

27  of relevant Sentencing Guidelines provisions, and of the consequences

28  of entering into this agreement.  No promises, inducements, or

16

1  representations of any kind have been made to me other than those

2  contained in this agreement.  No one has threatened or forced me in

3  any way to enter into this agreement.  I am satisfied with the

4  representation of my attorney in this matter, and I am pleading

5  guilty because I am guilty of the charges and wish to take advantage

6  of the promises set forth in this agreement, and not for any other

7  reason.

8

9  BRIAN MICHAEL GAHERTY                    12-14-23
   Defendant                                Date

10

11              CERTIFICATION OF DEFENDANT'S ATTORNEY

12      I am BRIAN MICHAEL GAHERTY's attorney.  I have carefully and

13  thoroughly discussed every part of this agreement with my client.

14  Further, I have fully advised my client of his rights, of possible

15  pretrial motions that might be filed, of possible defenses that might

16  be asserted either prior to or at trial, of the sentencing factors

17  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

18  provisions, and of the consequences of entering into this agreement.

19  To my knowledge: no promises, inducements, or representations of any

20  kind have been made to my client other than those contained in this

21  agreement; no one has threatened or forced my client in any way to

22  enter into this agreement; my client's decision to enter into this

23  agreement is an informed and voluntary one; and the factual basis set

24  forth in this agreement is sufficient to support my client's entry of

25  guilty plea pursuant to this agreement.

26

27                                          12-14-2023
   JOSEPH F. VINAS                          Date
   Attorney for Defendant

28  BRIAN MICHAEL GAHERTY

                            17